## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

<table>
<tr>
<td>

**THE SHOREHAM WEST
COOPERATIVE APARTMENTS**,
2700 Calvert Street, NW,
Washington, DC 20008,

     *Plaintiff,*

     v.

**TWIN CONTRACTING
CORPORATION**,
12700 Sunrise Valley Dr., Suite 100,
Reston, Virginia 20191,

     <u>Serve</u>: Corporation Service Co.,
             1090 Vermont Ave., NW,
             Washington, DC 20005,

and

**FIDELITY AND DEPOSIT
COMPANY OF MARYLAND**,
600 Red Brook Boulevard,
Owings Mills, MD 21117,

     <u>Serve</u>: CSC-Lawyers
             Incorporating Service Co.,
             7 St. Paul Street, Suite 820,
             Baltimore, MD 21202,

     *Defendants.*

</td>
<td>

Case No. _____

</td>
</tr>
</table>

### VERIFIED COMPLAINT

Plaintiff The Shoreham West Cooperative Apartments, Inc., by and through

undersigned counsel, David H. Cox, Esq. and Nathan J. Bresee, Esq., hereby files this

*(margin, vertical text)* Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

3128058v.1

Verified Complaint against Twin Contracting Corporation and Fidelity and Deposit Company of Maryland and states as follows:

## PARTIES

1.      The Shoreham West Cooperative Apartments, Inc. ("Plaintiff" or "Shoreham West") is a Delaware corporation, registered to do business as a District of Columbia General Cooperative Association on May 24, 1983, with its principal place of business located at 2700 Calvert Street, NW, Washington DC 20008. Shoreham West is home to approximately 120 residents.

2.      Twin Contracting Corporation ("Twin") is a corporation organized and existing under the laws of the Commonwealth of Virginia, not currently registered to do business in the District of Columbia, with principal place of business located at 12700 Sunrise Valley Drive, Suite 100, Reston, Virginia 20191.

3.      Fidelity and Deposit Company of Maryland (the "Surety") is a corporation organized and existing under the laws of the State of Maryland and duly authorized to engage in the business of executing surety bonds in the District of Columbia, with its principal place of business located at 600 Red Brook Boulevard, Owings Mills, Maryland 21117.

## JURISDICTION AND VENUE

4.      Jurisdiction of this action is founded upon 28 U.S.C. § 1332, the parties being of different states and the matter in controversy exceeding $75,000.00. Venue is proper in this Court as the work was performed in the District of Columbia.

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

3128058v.1

## FACTS COMMON TO ALL COUNTS

5.     On April 12, 2012, Shoreham West entered into an AIA A107 Standard Form Agreement (the "Contract") with Twin, as general contractor, for the construction of a project known as the Shoreham West Cooperative Fan Coil Replacement Project, to be performed at Shoreham West Cooperative Apartments located in Washington DC. (Contract attached hereto as **Exhibit A**).

6.     The Contract contemplated Twin conducting a substantial building-wide fan coil and riser pipe replacement at Shoreham West Cooperative Apartments (the "Project") with a total Contract value of three million five hundred thousand dollars ($3,500,000.00).

7.     The Contract contained a commencement date of May 21, 2012, and indicated that Twin would achieve Substantial Complete of the entire Project not later than June 21, 2013.

8.     In June 2013, while construction of the Project was still underway, Shoreham West and the Project Construction Manager, CTA Consulting Engineers ("CTA"), observed condensation forming on chilled water piping installed by Twin as part of the Project. In addition, Shoreham West and CTA observed that insulation joints and seams on piping and ductwork were separating and becoming unglued at the basement level and mechanical rooms of the Project. Shoreham West promptly notified Twin of the above-described defects.

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

3128058v.1

9.      In June 2013, CTA instructed Twin to correct these condensation, insulation and sealing issues as part of CTA's Final Punch Out Preliminary Work list (attached hereto as **Exhibit B**).

10.      By February 2014, the condensation, insulation and sealing issues, identified by CTA and Shoreham West in June 2013, had still not been successfully corrected by Twin.

11.      On February 27, 2014, CTA prepared a Final Punch Out Items Pending list (attached hereto as **Exhibit C**), which indicated that insulation joints and seams on piping continued to separate and become unglued at the basement and mechanical room of Shoreham West. In addition, the Final Punch Out Items Pending list indicated that Twin failed to provide necessary insulation to existing condensate lines.

12.      By July 2014, the condensation, insulation and sealing issues, identified by CTA and Shoreham in June 2013, had still not been successfully corrected by Twin.

13.      By July 2014, the condensation, insulation and sealing issues had begun causing water leaks into units at Shoreham West. Shoreham West and CTA notified Twin of these water leaks in July 2014.

14.      On July 23, 2014, CTA provided an email to Twin (attached as **Exhibit D**), which described the scope of the condensation, insulation and sealing defects in detail, stating:

> The insulation is deficient in the installation. It has not been installed in accordance with the specifications nor manufacturer recommendations. This is the main reason for the sweating or condensation. The insulation has been compressed and sweats at most support points as a result of

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC  20036-3437

4

not using the manufacturer recommended insulated pipe supports. The insulation must be installed or repaired with the chilled water system off (dry pipes) so that the adhesives cure properly and make a vapor tight seal along the seams and joints. Otherwise the condensation will continue, but you will have been paid for defective work. It is impossible to turn off the chilled water on a day like today that will approach 95 to 100F heat index . . . We have had condensation on the chilled water pipes for two summers now and want a permanent and final solution before any funds are released.

15.     On July 22, 2014, while Twin continued to investigate source of the condensation, insulation and sealing issues and resulting water leaks into Shoreham West units, Twin provided two Certificates of Substantial Completion, both dated July 22, 2014 (one for fan coil units D & E, and one for all risers and fan coil units A, B & C).

16.     The Certificate of Substantial Completion for fan coil units D & E contained a two-year warranty period expiring on August 31, 2016.

17.     The Certificate of Substantial Completion for all risers and fan coil units A, B & C contained a two-year warranty period expiring on October 30, 2015.

18.     On July 28, 2014, CTA provided another email to Twin (attached as **Exhibit E**), which further described the scope of the condensation, insulation and sealing defects in detail, stating:

Please set up a meeting with the insulation contractor at Shoreham West to go over how and when the repairs will take place. This was the agreement at our last meeting at the site when we walked the space.

I investigated the insulation condensation issues at the basement/garage area and the manufacturer's installation instructions and found that the insulation craftsmanship is

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

5

bad and that contractor did not follow some of the important manufacturer recommendations nor the specs:

1. The insulation at the support hangers has been compressed due to the weight of the pipes and sweats at the sheet metal shields. The K-flex 360 insulated pipe support should have been used at the pipe supports.

2. It appears that the inside diameter insulation used in some of the piping in the garage was too large for the pipe and is sagging at the locations where condensation was noticed.

3. When the pipes are in a horizontal position, the manufacturer recommends that all the longitudinal seams be positioned facing downward for proper vapor tight seals . At the garage most of the horizontal seams are facing upwards.

4. Contractor did not provide finishes in exposed locations. Insulation specification section 15250 Paragraph 2.4 calls for finishes in exposed locations – "Piping or equipment exposed to water or weather shall have an additional covering of weatherproof mastic, reinforced with open mesh glass fabric applied in two coats of sufficient thickness to give a 1/8" dry coat. Joints of jacketing shall be sealed with mastic to prevent penetration of water to the insulation…" In addition the shop drawing sent and approved shows the mastic to be used as Childers – CP 10.

5. As per manufacturer's instructions, the insulation must be applied to systems that are not in use. Curing time is 36 hours. I believe that the repairs that were done in the past did not work well because the system was on and the adhesive was not able to cure properly.

19. On August 14, 2014, the Surety issued a Maintenance Bond to Principal

Twin and Obligee Shoreham West in the sum of One Hundred Twenty-Five Thousand

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

3128058v.1

Dollars ($125,000.00) for term September 1, 2014 to August 31, 2016 (the "Bond," attached hereto as **Exhibit F**).

20.     The Bond obligated the Surety to pay One Hundred Twenty-Five Thousand Dollars ($125,000.00) to Shoreham West in the event Twin did not remedy, at no cost to Shoreham West, any defects that may develop during the bond period, caused by defective or inferior materials or workmanship.

21.     By December 2014, Twin had not successfully corrected the condensation, insulation and sealing defects at Shoreham West.

22.     On December 5, 2014, CTA provided an email to Twin (attached as **Exhibit G**), which described the scope of the continued condensation, insulation and sealing defects in detail, stating:

> CTA has visited the site various times to visually observe the installation where accessible and has found the following issues:
>
> 1.     Insulation that was compressed under the pipe supports.
> 2.     Insulation that was compressed due to not enough space between the pipe and wall/concrete slab.
> 3.     Insulation seams that were not properly sealed or lacking in the required vapor seal.
> 4.     Insulation seams that opened up due to installation while operating the chilled water system.
> 5.     Piping that was missing portions of insulation.
>
> Since then, there have been efforts made by Twin and the subcontractors to correct the condensation issues and find permanent solutions. To my knowledge, the majority of the condensation issues with the exception of riser #19 have been successfully corrected. Unfortunately, the condensation issue at riser #19 was still present despite the contractor's efforts as of the end of this summer 2014.

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

7

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

CTA again went out to the site on November 18th to visually examine riser #19 at apartment #318 via a small opening created in the pipe enclosure for observation and found a portion of pipe missing insulation. Apartment #418 was examined via use of a small camera ("2″x2″ screen) and the findings were inconclusive.

Only small areas of the pipe riser have been opened up for observation and issues are still being found. As such CTA believes that there is a large portion of piping that is concealed and that could easily be hiding the real cause of the problem.

Additional fixes have been tried and implemented within the past 2 months, but we will not know with certainty if the fixes will solve the problem until next summer when the humidity comes back.

In order to move this forward, please provide us with your written assurance addressed to the Board indicating that the condensation issue is an original installation issue and that Twin and its subcontractors will continue to take full responsibility for fixing the problem if the condensation issue is not completely resolved when the humidity returns next summer.

23.    On December 5, 2014, Twin provided the requested written assurance indicating that the condensation issue is an original installation issue and that Twin and its subcontractors would take full responsibility for fixing the problem if the condensation issue had not been completely resolved when the humidity returned in the summer of 2015 (December 5, 2014 letter from Twin attached as **Exhibit H**).

24.    In early summer 2015, the condensation, insulation and sealing issues and resulting water leaks returned to Shoreham West, causing water damage to Units 106, 118, 218, 318, 418, 518, 618, 718 and 818, as well as other resulting damage.

3128058v.1

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

25.     During the summer of 2015, Shoreham West implored Twin to return to Shoreham West to correct the condensation, insulation and sealing issues and the resulting water leaks, consistent with their contractual obligations, warranty obligations, and assurances contained in their December 5, 2014 letter. *(August 20, 2015 letter from Jackson & Campbell to Twin attached as **Exhibit I**).*

26.     Twin did not respond to Shoreham West's numerous communications during the summer of 2015.

27.     On October 6, 2015, Shoreham West, through undersigned counsel, sent a letter to the Surety, making a claim on the Bond, and demanding that the Surety fulfill its obligations under the Bond to pay Shoreham West One Hundred Twenty-Five Thousand Dollars ($125,000.00) (October 6, 2015 letter from Jackson & Campbell to the Surety attached as **Exhibit J**, exhibits to letter excluded).

28.     To date, the Surety has not honored its obligations to Shoreham West under the Bond.

29.     To date, Twin has refused to correct the condensation, insulation and sealing issues and the resulting water leaks, consistent with their contractual obligations, warranty obligations, and assurances contained in their December 5, 2014 letter.

30.     By refusing to correct the condensation, insulation and sealing issues and the resulting water leaks, Twin is in material breach of several Articles of the Contract including, but not limited to, Articles 18.1, 18.2 and 18.3 of the Contract.

3128058v.1

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

31.     Pursuant to Article 18.3 of the Contract, Shoreham West has the option to correct the non-conforming work at Twin's sole expense, without prejudice to any other remedy Shoreham West may have, pursuant to Article 8.3 of the Contract.

32.     Pursuant to Article 21.3 of the Contract, Shoreham West sent a letter to Twin on October 28, 2015, requesting that the parties endeavor to resolve this dispute at mediation. In the event Twin elects to pursue mediation and pursues mediation in good faith, Shoreham West consents to a stay of this matter for a period of at least 60 days from the date of filing to pursue mediation.

33.     This dispute has been previously referred to ETC for a decision pursuant to Article 21.1 of the Contract. ETC has identified numerous defects in Twin's materials and workmanship, and has recommended that Twin remediate the identified defects. Twin has refused to perform the required remediation to date.

### COUNT I
### (Breach of Contract – Twin Contracting Corporation)

34.     Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

35.     On April 12, 2012, Shoreham West entered into an AIA A107 Standard Form Agreement with Twin, as general contractor, for the construction of a project known as the Shoreham West Cooperative Fan Coil Replacement Project, as described above.

36.     Pursuant to the Contract, Twin was required to perform its work at the Project in a good and workmanlike manner, in strict conformance with each and every

3128058v.1

one of the Contract documents, including plans and specifications and other documents identified in the Contract between the parties, and without defects. In addition, Twin was required to substantially complete its work in conformance with the time requirements set forth in the Contract.

37.     Twin breached the Contract and failed to perform in accordance with the Contract terms. Specifically, in violation of the contractual obligations imposed by the Contract between the parties and as summarized in the preceding paragraphs, Twin failed to perform the Work (as defined by the Contract documents) in accordance with the applicable Contract documents, failed to perform the work without defects, failed to perform the work in a good and workmanlike manner, and failed to perform in a timely manner.

38.     Twin's failure to perform in accordance with Contract terms has caused continuing moisture damage at the basement level and repeated and continuing water leaks in Units 106, 118, 218, 318, 418, 518, 618, 718 and 818, as well as other resulting damage. In addition to the foregoing, Shoreham West has incurred costs in investigating and testing work which was found to be defective.

39.     As a direct and proximate result of the above-described default(s) on the part of Twin, and its breach of its Contractual obligations, Shoreham West has incurred damages and is entitled to: (1) specific performance of Twin's Contractual obligation or Shoreham West's costs and expenses to remedy the various defects and deficiencies; (2) Shoreham West's expenses incurred in investigating the existence of the deficiencies and defects; (3) the diminution in the value of the structure; (4) a credit for monies not

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

3128058v.1

expended by Twin by failing to either initially perform the work in accordance with the Contract documents and in not remediating the faulty work as required by the Contract documents; and (5) Shoreham West's costs and attorneys' fees pursuant to Article 5.1 of the Contract.

## COUNT II
### (Breach of Warranty – Twin Contracting Corporation)

40.     Paragraphs 1 through 39 are incorporated by reference as if fully set forth herein.

41.     Twin warranted that it would perform its work at the Project in a good and workmanlike manner, in strict conformance with each and every one of the Contract documents, including plans and specifications and other documents identified in the Contract, and without defects.

42.     Twin warranted that it completed the work in conformity to the requirements of each and every one of the Contract documents, including plans and specifications and other documents identified in the Contract, without defects.

43.     Twin specifically warranted on December 5, 2014 that the condensation issue is an original installation and that Twin and its subcontractors would take full responsibility for fixing the problem if the condensation issue had not been completely resolved when the humidity returned in the summer of 2015.

44.     Twin breached these warranties by completing the Project in a defective manner, resulting in continuing moisture damage at the basement level and repeated and continuing water leaks in Units 106, 118, 218, 318, 418, 518, 618, 718 and 818, as well

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC  20036-3437

3128058v.1

as other resulting damage. In addition to the foregoing, Shoreham West has incurred costs in investigating and testing work which was found to be defective.

45.     As a direct and proximate result of Twin's breach of warranty, Shoreham West has incurred damages and is entitled to: (1) specific performance of Twin's contractual obligation or Shoreham West's costs and expenses to remedy the various defects and deficiencies; (2) Shoreham West's expenses incurred in investigating the existence of the deficiencies and defects; (3) the diminution in the value of the structure; (4) a credit for monies not expended by Twin by failing to either initially perform the work in accordance with the Contract documents and in not remediating the faulty work as required by the Contract documents; and (5) Shoreham West's costs and attorneys' fees pursuant to Article 5.1 of the Contract.

**COUNT III**
**(Negligence – Twin Contracting Corporation)**

46.     Paragraphs 1 through 45 are incorporated by reference as if fully set forth herein.

47.     Twin owed a duty of care to Shoreham West to conduct the work contracted for in a workman-like manner without defects, false and misleading representations, undisclosed defects, and concealed defects.

48.     Twin breached the duty of care owed to Shoreham West by using inferior materials, making material false and misleading representations about the materials and work performed, concealing defects in the work performed, and performing the

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

3128058v.1

work in a non workman-like manner. These numerous material defects have required and continue to require expensive repairs.

49.     As a direct and proximate result of Twin's negligence, Shoreham West has incurred damages and is entitled to: (1) Shoreham West's costs and expenses to remedy the various defects and deficiencies; (2) Shoreham West's expenses incurred in investigating the existence of the deficiencies and defects; (3) a credit for monies not expended by Twin by failing to either initially perform the work in accordance with the Contract documents and in not remediating the faulty work as required by the Contract documents; and (4) Shoreham West's costs and attorneys' fees pursuant to Article 5.1 of the Contract.

**COUNT IV**
**(Violation of the Consumer Protection Procedures Act,**
**D.C. Code §§ 28-3904 – Twin Contracting Corporation)**

50.     Paragraphs 1 through 49 are incorporated by reference as if fully set forth herein.

51.     Shoreham West is a "consumer" within the meaning of D.C. Code § 28-3901(a)(2).

52.     Twin is a "merchant" within the meaning of D.C. Code § 28-3901(a)(3).

53.     The Contracting work performed represents "goods and services" within the meaning of D.C. Code § 28-3901(a)(7).

54.     Twin committed unlawful trade practices in violation of D.C. Code § 28-3904 by:

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

3128058v.1

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

A.    Maliciously, intentionally and willfully misrepresenting the quality of the materials and work performed;

B.    Maliciously, intentionally and willfully failing to disclose defects in the work performed;

C.    Maliciously, intentionally and willfully concealing defects in the work performed; and

D.    Misleading Shoreham West into believing that Twin and its subcontractors would take full responsibility for fixing the condensation issue if the problem had not been completely resolved when the humidity returned in the summer of 2015.

55.    As a direct and proximate result of the violations of the D.C. Consumer Protection Procedures Act by Twin, Shoreham West has incurred damages and is entitled to: (1) Shoreham West's costs and expenses to remedy the various defects and deficiencies; (2) Shoreham West's expenses incurred in investigating the existence of the deficiencies and defects; (3) the diminution in the value of the structure; (4) a credit for monies not expended by Twin by failing to either initially perform the work in accordance with the Contract documents and in not remediating the faulty work as required by the Contract documents; and (5) Shoreham West's costs and attorneys' fees pursuant to Article 5.1 of the Contract. In addition to compensatory financial damages, Plaintiff is also entitled to disgorgement of the funds paid to Defendants, treble damages, reasonable attorney's fees, and punitive damages pursuant to D.C. Code §28-3905 (2014).

3128058v.1

## COUNT V
### (Breach of the Implied Covenant of Good Faith and
### Fair Dealing – Twin Contracting Corporation)

56.     Paragraphs 1 through 55 are incorporated by reference as if fully set forth herein.

57.     Shoreham West and Twin entered into the Contract for improvements to be made to the Property.

58.     Twin breached the implied covenant of good faith and fair dealing contained in the Contract by knowingly conducting substandard work and misrepresenting the quality of the workmanship and the cause of the condensation issue described *infra*.

59.     The substandard and defective work performed by Twin requires extensive repairs, remediation, and has resulted in damages to Shoreham West. In addition, Twin deliberately misrepresented that Twin and its subcontractors would take full responsibility for fixing the condensation issue if the problem had not been completely resolved when the humidity returned in the summer of 2015. Twin thereby evaded the spirit of the Contract and willfully rendered imperfect performance.

60.     As a direct and proximate result of Twin's breach of the implied covenant of good faith and fair dealing, Twin has incurred damages and is entitled to: (1) Shoreham West's costs and expenses to remedy the various defects and deficiencies; (2) Shoreham West's expenses incurred in investigating the existence of the deficiencies and defects; (3) the diminution in the value of the structure; (4) a credit for monies not expended by Twin by failing to either initially perform the work in accordance with the

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC  20036-3437

16

Contract documents and in not remediating the faulty work as required by the Contract documents; and (5) Shoreham West's costs and attorneys' fees pursuant to Article 5.1 of the Contract.

## COUNT VI
### (Performance Bond – Twin Contracting Corporation and Fidelity and Deposit Company of Maryland)

61.     Paragraphs 1 through 60 are incorporated by reference as if fully set forth herein.

62.     Twin, as Principal, and Fidelity and Deposit Company of Maryland, as Surety, executed a Maintenance Bond, Bond MNT 09089011 to Shoreham West, as Obligee, by the terms of which Twin and the Surety agreed to guarantee performance by Twin of the Contract identified *infra*.

63.     Subsequent to the issuance of the Bond, Shoreham West performed all obligations imposed upon it by the terms of the Contract and the Bond.

64.     As a result of the default by Twin, the Surety became obligated to Shoreham West to pay One Hundred Twenty-Five Thousand Dollars ($125,000.00) to Shoreham West, caused by Twin's failure to remedy, at no cost to Shoreham West, the identified defects which arose during the bond period, caused by Twin's defective or inferior materials or workmanship.

65.     Shoreham West has fully performed all conditions precedent to Twin and the Surety's obligations accruing under the Bond.

66.     Shoreham West, as Obligee, is a proper claimant under the Bond, and has made a timely and proper claim under the Bond.

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

3128058v.1

67.     At all times mentioned herein, the Bond was in full force and effect.

68.     This lawsuit is filed within the time and in the manner required by the Bond.

69.     Twin and the Surety have failed and refused to fulfill their obligations under the Bond.

## PRAYER FOR RELIEF

WHEREFORE, Shoreham West Cooperative Apartments, Inc. seeks judgment against Defendants, and requests that the Court grant it the following relief:

A.     Compensatory damages in an amount to be proven at trial of not less than Five Hundred Thousand Dollars ($500,000.00) as to Twin Contracting Corporation;

B.     The Bond Penalty of One Hundred Twenty-Five Thousand Dollars ($125,000.00) as to Defendant Fidelity and Deposit Company of Maryland;

C.     Treble damages pursuant to D.C. Code §28-3905 (2014) as to Twin Contracting Corporation;

D.     Punitive damages in an amount to be determined as to Twin Contracting Corporation;

E.     Costs, attorney's fees, and post-judgment interest as to Twin Contracting Corporation; and

F.     Such other and further relief as the Court deems proper.

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

3128058v.1

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

/s/ David H. Cox
David H. Cox (Bar No. 250167)
Nathan J. Bresee (Bar No. 991640)
1120 20th Street, N.W., Suite 300
Washington, DC 20036
Telephone: (202) 457-1600
Facsimile: (202) 457-1678
Email: dcox@jackscamp.com
Email: nbresee@jackscamp.com
*Counsel for Plaintiff Shoreham West*
*Cooperative Apartments, Inc.*

Dated: October 28, 2015

## VERIFICATION

I hereby certify that the facts stated in the above Amended Complaint are true

and correct to the best of my knowledge, information and belief.

Sanford K. Ain, Esq.
President, Board of Directors
Shoreham West Cooperative Apartments, Inc.

Subscribed and sworn before me this _28th_ day of October 2015.

Notary Public
My commission expires: 2/28/19

Jackson & Campbell, P.C.
1120 20th Street NW South Tower
Washington, DC 20036-3437

19

3128058v.1